[No. 3720.]

## H. B. SANBORN *v.* THE STATE.

1. OBSTRUCTING PUBLIC ROADS.—In order to render an accused liable under the statute denouncing a punishment for wilfully obstructing a public road, it must be made to affirmatively appear that the obstruction was *wilfully* erected.

2. SAME—FACT CASE.—See the opinion *in extenso* for evidence *held* insufficient to support a conviction for wilfully obstructing a public road.

APPEAL from the County Court of Grayson.    Tried below before the Hon. E. P. Gregg, County Judge.

The appellant in the case was convicted for wilfully obstructing a public road, and his punishment was assessed at a fine of fifty dollars.

The opinion sufficiently discloses the case.

*Hare & Head* and *Bryant & Dillard,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE.    This is a conviction for wilfully obstructing a public road.

The case was tried by the court without a jury.    There was evidence strongly tending to show that the defendant was laboring under a mistake as to the locality of the road, or just where the road ran; that he had used extraordinary diligence in endeavoring to ascertain the location of the road before he built his fence.    Under this state of facts the learned judge, in his conclusions of fact, filed in the case, finds that "the defendant was laboring under a mistake of fact; that he did not build his fence with the intention of obstructing the road, and did not know that he was obstructing the same."

Strange to say, that, notwithstanding these facts, and his conclusions therefrom, the learned judge held defendant guilty, and made him pay for his mistake, though he was ever so diligent, the sum of fifty dollars.

We will not make an argument to establish the proposition that, to *convict,* the State must show that the accused *wilfully obstructed the road.*    Just what evidence is sufficient to prove

this fact, will not be discussed. In this case the defendant proved the negative, to-wit: that he *did not wilfully* obstruct the road. This was proved to the complete satisfaction of the judge who tried him; and still he was convicted. The learned judge holds that the fact that the road was not wilfully obstructed, could only be considered with reference to the amount of fine to be imposed; that, though not wilfully obstructed, yet, the accused is guilty if he obstructed it at all, let the circumstances be what they may.

Now, when viewed with reference to the elements of this offense, this is an astounding doctrine to us. Unless the defendant wilfully obstructed the road, he can not possibly be guilty of any offense to be aggravated or mitigated by the fact that he did or did not *wilfully* obstruct it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*